UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE PHILLIPI, | No. 2:24-cv-02429-SCR P |
| Petitioner, | |
| v. | <u>ORDER</u> AND |
| CHRISTIAN PFEIFFER, | <u>FINDINGS & RECOMMENDATIONS</u> |
| Respondent. | |

Petitioner, Bruce Phillippi,[1] is a state prisoner proceeding pro se. On August 23, 2023, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the Northern District of California. (ECF No. 1.) The action was transferred to this court on September 4, 2024, and is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c). Respondent's motion to dismiss (ECF No. 10) is before the court. For the reasons set forth below, the motion to dismiss should be granted.

**I.   Background**

Petitioner is serving an indeterminate prison term of 15 years to life, with the possibility of parole, following a conviction for second degree murder.[2] (ECF No. 10 at 14.) Through the

---

[1] Petitioner's name was incorrectly entered into the docket as "Bruce Phillipi." The correct spelling is "Bruce Phillippi."

[2] The court takes judicial notice of the abstract of judgment. See Fed. R. Evid. 201; <u>U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992) (a court

1

present action, petitioner seeks habeas relief relating to a prison disciplinary proceeding for attempted murder of another inmate. (ECF No. 1 at 1.) As a result of being found guilty at the prison disciplinary hearing, petitioner was subjected to 35 months of solitary confinement and "an alteration of good time credits accrued[.]" (Id. at 5.) The discipline is also part of petitioner's prison file and has been used to deny petitioner a "low risk label" for parole. (Id.)

Petitioner alleges he was not afforded constitutionally required due process protections at the hearing. (ECF No. 1 at 4.) Specifically, he alleges (1) he was not given the evidence or staff statements; (2) he was denied video evidence; (3) he was not allowed to submit evidence or questions for witnesses; (4) the hearing officer was not impartial, stating petitioner was guilty at the outset; and (5) the hearing officer filed false statements in the disposition. (Id.) Petitioner raised these issues to the state courts and alleges the last reasoned state court decision adjudicating the claims was contrary to clearly established federal law.

## II. Habeas Jurisdiction

The federal habeas corpus statute, 28 U.S.C. § 2254, provides that the federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In general, the courts have interpreted this statute to provide relief only where a successful challenge will shorten an inmate's sentence. Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). The Ninth Circuit has held that federal courts generally lack habeas jurisdiction over claims for constitutional violations that do not challenge the validity of the conviction or do not necessarily spell speedier release. Blair v. Martel, 645 F.3d 1151, 1157-58 (9th Cir. 2011). Instead, such claims must be brought, if at all, in a civil rights complaint under 42 U.S.C. § 1983. Id. With respect to disciplinary proceedings, specifically, habeas relief cannot be granted unless those proceedings necessarily affect the fact or duration of time to be served. Muhammed v. Close, 540 U.S. 749, 754-55 (2004); Nettles v. Grounds ("Nettles"), 830 F.3d. 922, 934-35 (9th Cir. 2016) (en banc).

---

"may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

However, courts have also found habeas relief may be available "[w]hen a prisoner is put under additional and unconstitutional restraints during his lawful custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). For example, the Seventh Circuit has held that if a prisoner is seeking a "quantum change in the level of custody" then habeas corpus is the appropriate remedy. Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991) ("if a prisoner claims to be entitled to probation or bond or parole, his proper route is habeas corpus, even though he is seeking something less than complete freedom"). Similarly, the Ninth Circuit has permitted prisoners to request habeas corpus relief where the prisoner was placed in disciplinary segregation due to validation as a gang member and would obtain immediate release from segregation if he successfully challenged that validation. Nettles v. Grounds ("Santos"), 788 F.3d 992, 1004-05 (9th Cir. 2015).[3]

**III.  Discussion**

Petitioner's claims in the present petition are barred because of his indeterminate sentence status. In Nettles, 830 F.3d 922, the Ninth Circuit held that for indeterminately sentenced prisoners, neither restoration of credits nor expungement of a disciplinary conviction are sufficiently related to duration of confinement so as to be cognizable on habeas corpus. Id. at 935. In Nettles, the indeterminately sentenced prisoner argued that his claims affected the duration of his sentence because if he succeeded in expunging his rules violation report, he would be more likely to receive and earlier parole hearing and would be more likely to receive a favorable parole ruling. Id. at 934. Sitting en banc, the Ninth Circuit disagreed and held "[s]uccess on the merits of [the] claim would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." Id. at 934-35.

In the present case, petitioner argues in opposition to dismissal that the Supreme Court has left open the possibility of habeas relief in this situation. (ECF No. 12 at 5.) It is true that the

---

[3] The 2015 Ninth Circuit panel decision in Nettles involved two petitioners: Damous Nettles and Matta Santos, both prisoners in California state prisons. The panel's discussion and opinion regarding a change of custody level was limited to Santos' case. The 2016 decision was a rehearing en banc that only involved the panel's holding regarding Nettles. The panel's opinion regarding Santos' claim about change in level of custody was not re-heard.

3

Supreme Court, in Ziglar v. Abbasi, 582 U.S. 120, 144 (2017), "left open the question whether they might be able to challenge their confinement conditions via a petition for a writ of habeas corpus." However, leaving a question open is different than issuing a precedential decision that would overrule contrary lower court decisions, and this court remains bound by Ninth Circuit precedent. Zuniga v. United Can Co., 812 F.2d 443, 450 (9th Cir. 1987).

Petitioner also argues the court has jurisdiction over the petition because he brings a "level of custody" argument. (ECF No. 12 at 4-5.) Specifically, petitioner argues that due to the current disciplinary infraction, he is housed in the highest security level other than the SHU, level four. (Id. at 4.) In reply, respondent argues the Nettles (Santos) panel decision held that challenges to continued placement in segregated or disciplinary housing are within habeas jurisdiction, but that such relief is unavailable for prisoners who are merely seeking a different program or location or environment, even if the program or location or environment challenged is more restrictive than the alternative sought. (ECF No. 13 at 3.) See Nettles (Santos), 788 F.3d at 1004.

The petition itself does not explicitly seek relief in the form of a quantum change, or any change, in the level of petitioner's custody.  Based on the petition's exhibits, it does not appear petitioner sought such relief in his administrative appeals (see ECF No. 1 at 49-52, appeal of grievance and office of appeals decision) or in the state courts (see id. at 21, asking state court to grant petitioner's habeas by requiring the prison to withdraw the guilty finding of attempted murder and order a new hearing for only battery of an inmate). Moreover, and in any event, although petitioner now argues he is seeking to reduce his level of custody, the change he argues would result—downward from level four custody—does not constitute a "quantum change" in custody similar to release to parole or probation or release from administrative segregation to general population. See Nettles (Santos), 788 F.3d at 1004; Graham, 922 F.2d at 381 ("if [a petitioner] is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law, even if, as will usually be the case, the program or location or environment that he is challenging is more restrictive than the alternative that he seeks").

////

Petitioner's claims are not cognizable on habeas corpus and may be brought, if at all, only under 42 U.S.C. § 1983. See Nettles, 830 F.3d at 935. Thus, the court considers whether to convert the habeas petition to a civil rights action. See id. at 936 ("a district court may construe a petition for habeas corpus to plead a cause of action under [42 U.S.C.] § 1983 after notifying and obtaining informed consent from the prisoner"). "If the complaint is amenable to conversion on its face, meaning it names the correct defendants and seeks the correct relief, the court may re-characterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Id.

The undersigned will not recommend the court convert the present petition to a civil rights action. The petition contains no specific allegations against the named respondent, and it is unclear who petitioner seeks to hold personally responsible for the alleged denial of his federal rights. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."). The exhaustion requirements for petitioner to file a civil rights complaint also differ from those required for this federal habeas action, and it is unclear whether petitioner has satisfied the exhaustion requirement for a civil rights complaint.

Moreover, provisions of the PLRA would subject petitioner to filing fee requirements, sua sponte review of his complaint by the court, and limits on the number of actions a prisoner may be permitted to file in forma pauperis. See 28 U.S.C. §§ 1915 & 1915A; 42 U.S.C. § 1997e. The filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. However, prisoners proceeding in forma pauperis in civil rights cases are required to pay the $350 filing fee by way of periodic deductions from the prisoner's trust account, see 28 U.S.C. 1915(b)(1), regardless of whether the action is ultimately dismissed. Bruce v. Samuels, 577 U.S. 82, 86 (2016). Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. §

////

1915(g), which is not the case for habeas petitions.[4]

Because the instant petition is not amenable to conversion, and due to the differences and disadvantages that re-characterization may have on petitioner's claims, the undersigned will not recommend that the present petition be re-characterized as a civil rights complaint. However, petitioner may file a new complaint pursuant to 42 U.S.C. § 1983 if he wishes to do so.

### IV.     Conclusion

In accordance with the above, IT IS ORDERED that the Clerk of the Court shall assign a district judge to this case.

In addition, IT IS RECOMMENDED as follows:

1. Respondent's motion to dismiss (ECF No. 10) be granted.
2. The petition for writ of habeas corpus be dismissed.
3. The court decline to issue a certificate of appealability.
4. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 5, 2024

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

---

[4] The undersigned expresses no opinion as to the merits of the present claims if presented in a civil rights complaint.